UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DANIEL DEAN BALLARD,

                Plaintiff,

v.

THE STATE OF NEVADA,

                Defendant.

Case No. 3:21-cv-00498-MMD-CSD

ORDER

## I. SUMMARY

*Pro se* Plaintiff Daniel Ballard initiated this action by filing an application to proceed *in forma pauperis* and several attachments on December 6, 2021. (ECF Nos. 1, 1-1–1-4.) Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb.[1] (ECF No. 3 ("R&R").) The R&R recommends that Ballard's application to proceed *in forma pauperis* (ECF No. 1) be denied without prejudice, and that the Court administratively close this case. Ballard timely filed an objection to the R&R. (ECF No. 4 ("Objection").) Because the Court agrees with Judge Cobb, and as further explained below, the Court overrules Ballard's Objection, adopts the R&R in full, and denies Ballard's application to proceed *in forma pauperis*.

## II. BACKGROUND

The Court incorporates by reference Judge Cobb's recitation of the factual background provided in the R&R, which the Court adopts here. (ECF No. 3 at 1-2.)

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or

---

[1] The Court notes that due to Judge Cobb's recent retirement, this case has been reassigned to Magistrate Judge Craig S. Denney. (ECF No. 5.)

1    recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party
2    timely objects to a magistrate judge's report and recommendation, then the Court is
3    required to "make a de novo determination of those portions of the [report and
4    recommendation] to which objection is made." *Id.* The Court's review is thus *de novo*
5    because Ballard filed an Objection (ECF No. 4).

**IV.    DISCUSSION**

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Cobb's R&R in full.

Judge Cobb recommends that Ballard's application to proceed *in forma pauperis* be denied because it appears Ballard has filed documents in this action related to a state criminal appeal in the Eighth Judicial District Court of the State of Nevada, and that Ballard has mistakenly filed the documents in federal court. (ECF No. 3 at 2.) Judge Cobb additionally stated that if Ballard intends to file a federal habeas corpus petition, Ballard may do so by filing an application to proceed *in forma pauperis*.

The Court finds Ballard's Objection difficult to follow as written. However, Ballard attached to his Objection two financial certificates, which he states, "one for habeas corpus, one for civil rights." (ECF No. 4 at 2, 6-7.) Ballard also states he "intentionally filed an appeal with this court" regarding his state court action because his previous state appeal was denied and that his "state remedy has been exhausted as required by law."[2] (*Id.* at 2.) Additionally, Ballard appears to request the Court use the 6-month financial records he submitted in a pending case, Case No. 3:21-cv-00460-RCJ-CSD, before this Court. An examination of that case reveals that Ballard has already brought a habeas petition before this Court. Because Ballard does not make clear in his Objection why the

---

[2]To the extent Ballard's purpose of filing this action is to appeal the state court's rulings, his recourse is to pursue an appeal in the state courts. The *Rooker-Feldman* doctrine states that federal district courts may not exercise subject matter jurisdiction over a *de facto* appeal from a state court judgment. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414-17 (1923); *D.C. Ct. of Appeals, v. Feldman*, 460 U.S. 462, 482 (1983). State court litigants may only achieve federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See Feldman*, 460 U.S. at 482.

Court should not deny his application to proceed *in forma pauperis* or why this action should not be administratively closed, and in light of his pending habeas action before this Court, Ballard's Objection is overruled.

**V.    CONCLUSION**

It is therefore ordered that Plaintiff Daniel Ballard's Objection (ECF No. 4) is overruled.

It is further ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) is accepted and adopted in full.

It is further ordered that Ballard's application to proceed *in forma pauperis* (ECF No. 1) is denied.

The Clerk of Court is directed to administratively close out this case.

DATED THIS 4th Day of April 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE